UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTINA KYLE                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:09CV125 DPJ-FKB

CHRISTOPHER EPPS, ET AL.                                                              DEFENDANTS

ORDER

In 2007, Plaintiff was an inmate at the Flowood Community Work Center and participated in a work program with the Forestry Commission. She claims that Forestry Commission employees subjected her to sexual harassment and sexually assaulted her. Defendant Charlie W. Morgan, the State Forester, seeks dismissal of Plaintiff's claims against him in his individual capacity based on qualified immunity. In response, Plaintiff has filed a motion to suspend summary judgment proceedings to allow for limited discovery pursuant to Federal Rule of Civil Procedure 56(f). The Court, having considered the memoranda and submissions of the parties finds that Plaintiff's motion should denied.

Rule 56(c)(1)(A) states that "a party may move for summary judgment at any time," and it is well established in the Fifth Circuit that "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). However, Rule 56(f) provides a safe harbor for nonmovants who can demonstrate that discovery is necessary to produce affidavits or other evidence in compliance with Rule 56(e).

Although Rule 56(f) motions "are broadly favored and should be liberally granted," *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006), "[t]he decision to grant or deny a Rule 56(f) motion is within the sound discretion of the district court." *Johnson v. Hinds*

*County, Miss.*, 237 F.3d 632, No. 00-60098, 2000 WL 1701835, at *1 (5th Cir. Nov. 3, 2000) (unpublished table decision). To obtain relief under Rule 56(f)[1], "the opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994). Stated differently, the "nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington*, 901 F.2d at 1285 (affirming denial of Rule 56(f) motion); *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (same). "Rather, a request to stay summary judgment under Rule 56(f) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citations and quotations omitted). "Additionally, the non-movant must diligently pursue relevant discovery—the trial court need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1993) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

---

[1] Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

It is recognized that qualified immunity protects public officials not just from liability but also from the burdens of litigation. *Manis ex rel. Plaisance v. Lawson*, ___ F.3d ___, No. 08-30987, 2009 WL 3298078, at *2 (5th Cir. Oct. 15, 2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). However, even when a defendant has asserted qualified immunity, a continuance for discovery is appropriate where the Rule 56(f) affidavit describes specific facts the plaintiff has not yet had an opportunity to discover that would justify denying summary judgment. *Hinojosa v. Johnson*, 277 F. App'x 370, 375-78 (5th Cir. 2008). The Court finds that a Rule 56(f) continuance in not appropriate in this case.

Plaintiff complains that she has been "prohibited from conducting any discovery whatsoever." Plaintiff's Motion ¶ 2. This statement is incorrect. Magistrate Judge Ball entered an order staying discovery "other than discovery related to the issue of qualified immunity." Order [39]. Morgan filed his motion for summary judgment on April 27, 2010. The Court twice granted Plaintiff additional time to respond to the motion, but it does not appear that Plaintiff attempted to conduct any discovery related to the issue of qualified immunity before filing the instant Rule 56(f) motion on July 6, 2010.

In addition, Plaintiff's motion does not comply with Rule 56(f), first because she did not attach an affidavit in support of her motion. Plaintiff's motion also fails to offer anything other than a vague assertion that discovery "will produce needed, but unspecified, facts." *Washington*, 901 F.2d at 1285. She failed to set forth any plausible basis for believing that specified facts may exist that would create a question of fact. *See Raby*, 600 F.3d at 561. The closest Plaintiff comes is the following statement: "That Plaintiff has been prohibited from discovering details as to the policy or inadequacy of training of Forestry Commission employees in supervising work release

3

inmates as well as other issues raised by Defendant Charlie W. Morgan in his Motion for Summary Judgment." Plaintiff's Motion at ¶ 3. Plaintiff insists that "such discovery is critical" and she should be allowed to conduct "limited discovery," but it is not clear what discovery she specifically seeks. As such, Plaintiff's motion is denied.

The Court sets the deadline for Plaintiff's Response to the motion for summary judgment for twenty (20) days from entry of this Order.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE